MASELLI WARREN, P.C.
By: Paul J. Maselli, Esquire
600 Alexander Road
Suite 3-4A
Princeton, NJ 08540
Attorneys for Debtor-in-Possession
PM 4853
(609) 452-8411

| | |
|---|---|
| In Re:<br><br>NASSAU TOWER REALTY, LLC, A New Jersey Limited Liability Company,<br><br>                Debtor | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br><br>Case No. 13-24984(MBK)<br><br>Chapter 11<br><br>**CERTIFICATION IN SUPPORT OF MOTION TO SELL REAL ESTATE FREE AND CLEAR OF LIENS AND FOR OTHER RELIEF** |

I, Louis Mercatanti, do certify and state:

1.     I am an officer of Nassau Holdings, Inc., a Delaware corporation. Nassau Holdings, Inc. is the sole member of the debtor-in-possession, Nassau Tower Realty, LLC, a New Jersey limited liability company (the "DIP"). As such, I have full knowledge of the facts set forth herein.

2.     The DIP is the owner of several parcels of real estate.

3.     Santander Bank, NA f/k/a Sovereign Bank, NA ("Santander") is a secured creditor with a claim of approximately $2.8 million with mortgages against several, but not all, of the DIP's real estate holdings.

**Proposed Sales**

4.     The DIP is a party to a contract for the sale of one of its real estate holdings located at 472 Princeton Avenue, Brick, NJ 08724. The chart below describes the details of this contract for sale:

| Property Description | 472 Princeton Avenue, Brick, NJ 08724 |
|---|---|
| Sale Price | $410,000.00 |
| Purchasers | Irene Georgalas and Demetrius Georgalas |
| Market Value | $410,000.00 |
| Other Liens | $2,951.98 |
| Attorney Fees | $3,500.00 |
| Broker Commission | $16,400.00 (4%) |
| Security Deposits and Rent Apportionment | none |
| Realty Transfer Fee | $4,100.00 (estimated at 1% of sale price) |
| Estimated US Trustee Fee[1] | $4,875.00 |
| Estimated Proceeds | $378,173.02 |

All amounts are close approximations and may vary slightly at the time of closing.

5. The total value of the DIP's real estate holdings is approximately $11 million. The proposed sale is for a minor portion of the DIP's holdings, approximately 4% of the total value, but not substantially all of its assets.

6. None of the proposed purchasers has any familial or contractual relationship with the DIP, its members, or any individuals associated with or related to the DIP or its member.

7. The contract has a closing date within the next 30 days on June 16, 2014 and the buyers are prepared to close.

8. The property proposed for sale is subject to the lien and mortgage of Santander.

9. The property is subject to ad valorem liens of the municipality in which it is situated. The liens are for unpaid real estate taxes and municipal utility charges.

10. The ad valorem liens are designated in the chart above as "Other Liens."

---

[1] These funds shall be set aside for payment of US Trustee fees in the event this sale triggers the necessity for payment of such fees.

2

11. This sale requires the DIP to pay realty transfer fees to the state of New Jersey. The transfer fees are estimated at 1% of the sales price and will be escrowed at closing and disbursed after a determination of the final fee is made.

12. This contract was arranged by a real estate broker, Clayton & Clayton Realtors, Inc.. The broker is entitled to a commission for the sale of this property. The DIP filed a previous application and received approval for appointment of this real estate broker. The amount of the commission is set forth above.

13. The DIP applied for and received approval of the appointment of Timothy Smith, Esquire as special counsel to provide the DIP with real estate services. Mr. Smith's fees for his services relative to this transaction are set forth above.

14. The proceeds of sale of this property are sufficient to pay, the ad valorem liens, the broker commissions, the attorney fees, the realty transfer fees, and other closing costs.

15. The DIP will pay the balance of the proceeds to Santander in partial satisfaction of its mortgages.

16. The DIP seeks permission to sell this property in accordance with the terms of the contract, to pay the liens and claims as set forth above, and to pay all standard closing costs.

17. There are no other judgment liens that appear of record and no judgment creditor has executed against the parcel of real estate proposed for sale herein. In the event that a judgment appears of record at the time of closing, the DIP seeks authority to sell free and clear of any and all judgment liens.

## Benefit to the Estate

18. The DIP filed a plan on April 21, 2014 that proposes to pay creditors affected by this sale in full or purusant to the Court's May 2, 2014 Order Approving Stipulation and Consent Order by and between Debtor and Santander Bank, N.A. (I) Resolving Santander Bank, N.A.'s Objection to Debtor's Disclosure Statement and Plan of Reorganization; (II) Providing Adequate Protection of Santander Bank N.A.'s Security Interests; (III) Approving Plan Support Agreement; and (IV) Granting Related Relief.   There is not enough time to have this plan confirmed and still meet the closing deadlines set forth in the contract.

19. The transaction proposed herein will generate proceeds to further reduce the Santander lien claim.

20. For the foregoing reasons, the DIP asserts that this proposed transaction is in the best interest of the estate.

I certify that the statements made herein are true.  I am aware that if any of the statements made herein are wilfully false, I am subject to punishment.


Dated: 6.6.14                              _/s/ Louis Mercatanti_____
                                           LOUIS MERCATANTI